UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STEPHANIE HERNANDEZ,<br>Plaintiff,<br><br>v.<br><br>CLEARWATER TRANSPORTATION,<br>LTD.,<br>Defendant. | §<br>§  CIVIL ACTION NO. 1:18-CV-319-RP<br>§<br>§<br>§  JURY TRIAL DEMANDED<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S MOTION TO COMPEL

Defendant Clearwater Transportation, Ltd. ("Defendant") fired Plaintiff Stephanie Hernandez ("Plaintiff") only a few days after Hernandez learned she was pregnant and high-risk with twins, and only four days after she was hospitalized with pregnancy-related complications. (*See* ECF No. 1). Hernandez also requested accommodations including work from home, adjust work schedules, switch from salary to hourly work, and accept a demotion/transfer to the counter position she occupied a few months earlier, all of which Clearwater refused. Defendant claims it made its decision because of financial hardship, but within days of firing Hernandez it promoted, gave a pay raise, and transferred Hernandez's duties to her non-pregnant male coworker. Plaintiff brings claims under Title VII of the Civil Rights Act of 1964 ("Title VII") as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e(k); the Texas Commission on Human Rights Act, Texas Labor Code § 21.001 *et seq*. ("TCHRA"); the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. as amended by the ADA Amendments Act of 2008 ("ADAAA").

Plaintiff attempted to resolve this discovery dispute through two letters sent on November 12, 2020 and November 24, 2020. Defendant agreed to supplement its document production but failed to produce any additional documents as of today, the discovery deadline. Defendant also refused to produce basic information about potential comparators to Plaintiff. Plaintiff asks this Court to compel

Defendant to produced information in accordance with the discovery requests described in this Motion.

## I. REQUESTS AT ISSUE[1] AND EFFORTS TO RESOLVE

Interrogatories 5-8 and Request for Production 33 seek information relating to various forms of reasonable accommodations that Defendant may or may not have granted to other employees, like employees granted ability to work from home, adjust work schedules, switch from salary to hourly work, and accept a demotion. Defendant objected to these requests as overbroad because it sought documents one year prior to Plaintiff began her employment with Defendant.

Interrogatory 9 asked Defendant to identify other employees who worked for Defendant while pregnant and whether they were granted any accommodations. Defendant objected to this Interrogatory as overbroad and on HIPAA grounds.

Similarly, Requests for Production 40-41 seek documents regarding any allegations or claims of discrimination like issues Plaintiff raised. Defendant refused to provide any responsive documents.

To resolve this dispute, Plaintiff's November 12 letter identified deficiencies for the above described requests and Requests for Production 48, 50, 62, 65, and 66. In its November 20 response, Defendant agreed to supplemental production for Requests for Production 48, 50, 62, 65, and 66. *See* **Exhibit 3,** Parties' Counsels' Correspondence. Plaintiff sent additional correspondence on November 24 requesting Defendant produce these documents by December 1 before depositions scheduled on December 3. Defendant did not produce these supplemental responsive documents before the depositions or at the close of discovery, necessitating the Court's involvement.

---

[1] Defendant's response to the relevant discovery requests are produced in **Exhibit 1**, Defendant's Response to Plaintiff's First Set of Interrogatories and **Exhibit 2**, Defendant's Response to Plaintiff's First Set of Requests for Production.

## II.   RELEVANT STANDARD

Under Rule 37, a party may move to seek a discovery when the other party has failed to answer an interrogatory submitted under Rule 33 or produce documents submitted un Rule 34. Fed. R. Civ. P. 37(3)(B)(iii)-(iv).  A party that objects to an interrogatory or request to produce must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 33(b)(4) and  Fed. R. Civ. P. 34(a)(2)(B); *Walters v. Sentry Link, LLC*, 2018 WL 837611, at *3 (W.D. Tex. Feb. 9, 2018) ("The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable.") (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

## III.   ARGUMENT

### A.  Defendant Should Produce Relevant Comparator Information.

For all of Plaintiff's claims, evidence for how comparator employees were treated is highly relevant evidence to consider at summary judgment or trial.  *See McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Laxton v. Gap Inc.*, 333 F. 3d 572, 578 (5th Cir. 2003).

Defendant even seems to concede this fact by only offering objections based on the time period of these requests, not their substance.  Ex.'s 1-2.  For all these requests, Defendant did not comply with Fed. R. Civ. P. 33(b)(3) and 34(2)(C) by answering the portion of these Interrogatories Requests for Production it found unobjectionable.  Because of Defendant's refusal to answer these requests, Plaintiff cannot evaluate how she was treated in comparison to other employees in the *McDonnell-Douglas* framework.

Defendant's refusal to answer Requests for Production 40-41 regarding allegations of discrimination or retaliation is similarly improper.  As this Court has recognized, "an employee may use "pattern or practice" evidence to prove pretext in an individual discrimination case. *Shiyan Jiang*

3

*v. Tex. Comm'n on Envtl. Quality & Kim Wilson*, No. 1:17-CV-739-RP, 2018 U.S. Dist. LEXIS 229000, at *1 (W.D. Tex. 2018) (Pitman, J) *citing to Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000)." This court went on to say "Anecdotal evidence is probative of a pattern or practice only if the employees are similarly situated to the plaintiff. Similarity can turn on whether the other employees worked (a) under different supervisors or (b) in different departments than the plaintiff, (c) or whose adverse actions were removed in time." *Id* (Internal citations omitted). This court also relied on *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379,388 (2008) for the holding that "evidence of discrimination by other supervisors is not *per se* inadmissible in an individual employment discrimination case." *Id*.

At deposition this week, Plaintiff learned of at least one other pregnant employee who Defendant either let go or refused to rehire shortly after giving birth. Documents regarding that situation are highly relevant. Here, Plaintiff seeks evidence squarely in line with the evidence this Court allowed to be heard in *Shiyan Jiang*. Ex. 2. In response, Defendant offers boilerplate objections and objects that Request 40 "is invasive of the privacy HIPAA rights of individuals" even though a protective order has already been entered. *See* ECF No. 17. If HIPAA concerns were a valid discovery objection, and Plaintiff's counsel does not believe they are, those concerns can be easily addressed by marking documents confidential. These unsupported objections should not prevent Defendant from responding to these Requests which seek clearly relevant information.

For all these reasons, this court should compel Defendant to provide full responses to Interrogatories 5-9 and Request for Production 33, 40, and 41.

4

### B. Defendant Should Produce the Agreed Supplemental Production.

The correspondence with Defendant clearly demonstrates their agreement to produce additional responsive documents. *See* Ex. 3. Defendant should produce the documents it agreed to produce at a date determined by the Court.

### IV. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Compel and order Defendant to produce the information sought in the requests described herein and grant any additional relief that is necessary or proper.

Respectfully Submitted,

**KAPLAN LAW FIRM, PLLC**
406 Sterzing Street
Austin, Texas 78704
Telephone: (512) 553-9390
Telecopier: (512) 692-2788
www.kaplanlawatx.com

By:  */s/ Austin Kaplan*

**Austin Kaplan**
State Bar No. 24072176
akaplan@kaplanlawatx.com

### Certificate of Conference

Counsel for Plaintiff and Defendant have discussed the foregoing disputes in multiple letters produced as Exhibit 3. Counsel for Defendant has stated that some the above-requested information will not be produced, and the remainder has not been produced as of the discovery deadline.

Austin Kaplan

## CERTIFICATE OF SERVICE

      I hereby certify that on this 4th day of December 2020, I served a true and correct copy of the above and foregoing to all counsel of record as follows:

*Via CM/ECF:*
Michael J. DePonte
depontem@jacksonlewis.com
JACKSON LEWIS
500 N. Akard, Suite 2500
Dallas, Texas
PH: (214) 520.2400

                                                Austin Kaplan