# Exhibit "1"

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **STEPHANIE HERNANDEZ,** § | |
| *Plaintiff*, § | |
| § | **Civil Action No. 1:18-CV-00319-RP** |
| v. § | |
| § | |
| **CLEARWATER TRANSPORTATION, LTD** § | |
| *Defendant*. § | |

**DEFENDANT'S OBJECTIONS AND ANSWERS TO
PLAINTIFF'S INTERROGATORIES**

TO:   Plaintiff, Stephanie Hernandez, by and through her attorney of record, Austin Kaplan, Kaplan Law Firm, PLLC, 2525 Wallingwood Dr., Building 14, Austin, Texas 78746.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Clearwater Transportation, Ltd. ("Defendant") responds as follows to Plaintiff's First Set of Interrogatories:

**INTERROGATORIES**

**INTERROGATORY NO. 1:**   Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge.

**ANSWER:**   Defendant refers Plaintiff to Defendant's Initial Disclosures which were served on July 12, 2018.

**INTERROGATORY NO. 2:**   If the defendant is improperly identified, give its proper identification and state whether you will accept service of an amended summons and complaint reflecting the information furnished by you in answer hereto.

**ANSWER:** Defendant believes the proper defendant has been identified and served in this lawsuit.

**INTERROGATORY NO. 3:**   If you contend that some other person or legal entity is, in whole or in part, liable to Plaintiff in this matter, identify that person or legal entity and describe in detail the basis of said liability.

**ANSWER:**   Defendant does not contend that some other person or legal entity is liable to Plaintiff in this matter.

**INTERROGATORY NO. 4:** Identify the individuals in Defendant's decision to end Plaintiff's employment with Defendant, the date(s) of the decision, and the reason(s) for Defendant's decision.

**ANSWER:** Due to a significant downturn in business, Defendant had to locate and eliminate costs in order to sustain the business. Around 12:00 pm on May 23, 2017, a decision was made by Monty Merrill and Danny Owens to eliminate the sales manager position. Originally, the layoff was planned for June 9, 2017 in order to allow for the managers to take their previously scheduled vacations. The layoff was moved to June 12, 2017 as Plaintiff was not at work on June 9, 2017.

**INTERROGATORY NO. 5:** Identify any employees in Defendant's Austin office who have been permitted to work from home, including their last known contact information. This interrogatory is limited to the time period of 2013 to the present.

**ANSWER:** Defendant objects to this request as it is overbroad and outside the scope of permissible discovery. Plaintiff was also not working for Defendant in 2013.

**INTERROGATORY NO. 6:** Identify any employees in Defendant's Austin office who have been allowed to adjust their work schedule, as well as the last known contact information for those individuals, if any. This interrogatory is limited to the time period of 2013 to the present.

**ANSWER:** Defendant objects to this request as it is overbroad and outside the scope of permissible discovery. Plaintiff was also not working for Defendant in 2013.

**INTERROGATORY NO. 7:** Identify any employees in Defendant's Austin office who have switched from a salaried to an hourly position, as well as the last known contact information for those individuals, if any. This interrogatory is limited to the time period of 2013 to the present.

**ANSWER:** Defendant objects to this request as it is overbroad and outside the scope of permissible discovery. Plaintiff was also not working for Defendant in 2013.

**INTERROGATORY NO. 8:** Identify any employees in Defendant's Austin office who have requested and/or accepted a demotion, as well as the last known contact information for those individuals, if any. This interrogatory is limited to the time period of 2013 to the present.

**ANSWER:** Defendant objects to this request as it is overbroad and outside the scope of permissible discovery. Plaintiff was also not working for Defendant in 2013.

**INTERROGATORY NO. 9:** Identify any employees of Defendant who worked for Defendant during their pregnancies, and whether they were granted any accommodations due to

their pregnancy, childbirth, or related medical condition. This interrogatory is limited to the time period of 2013 to the present, and only to any pregnancy that Defendant was aware of.

**ANSWER:** Defendant objects to this request as it is overbroad and outside the scope of permissible discovery. Defendant further objects as this request seeks information which is invasive of the privacy and HIPAA rights of individuals.

**INTERROGATORY NO. 10:** Identify the individual involved in Defendant's decision to deny Plaintiff's requested accommodations, the date(s) of the decision, and the reason(s) for Defendant's decision. This interrogatory is limited to requests for accommodations made on or after May 23, 2017.

**ANSWER:** Plaintiff was not denied any requested accommodations. Only after Plaintiff was laid off on June 12, 2017, did she verbally request an accommodation from Monty Merrill.

**INTERROGATORY NO. 11:** Identify Plaintiff's compensation and employee benefits in her position with defendant at the time of her termination.

**ANSWER:** Defendant will produce documents pursuant to Rule 33(d) which are responsive to this interrogatory.

**INTERROGATORY NO. 12:** Identify the principal factual bases supporting Defendant's denial, in Defendant's Answer to Plaintiff's original Complaint, of ¶ 12 in Plaintiff's Original Complaint.

**ANSWER:** Defendant will produce documents pursuant to Rule 33(d) which are responsive to this interrogatory.

**INTERROGATORY NO. 13:** Identify the principal factual bases for Defendant's contention, in ¶ 2 of the Defenses and/or Affirmative Defenses section of Defendant's Answer to Plaintiff's Original compliant, that "Plaintiff's claims are barred by waiver, laches, consent and/or estoppel.

**ANSWER:** Defendant will produce documents pursuant to Rule 33(d) which are responsive to this interrogatory.

**INTERROGATORY NO. 14:** Identify the principal factual bases for Defendant's contention, in ¶ 5 of the Defenses and/or Affirmative defenses section of Defendant's Answer to Plaintiff's Original Complaint, that "Plaintiff's claims are barred in whole or in part because Plaintiff failed to take reasonable steps to mitigate her alleged damages, if any."

**ANSWER:** Defendant will produce documents pursuant to Rule 33(d) which are responsive to this interrogatory.

**INTERROGATORY NO. 15:** Identify the principal factual bases for Defendant's contention, in ¶ 8 of the Defenses and/or Affirmative Defenses section of Defendant's Answer to Plaintiff's Original Complaint, that "Plaintiff's claims for relief are barred, in whole or in part, by the applicable statute of limitations and due to Plaintiff's failure to exhaust her administrative remedies."

**ANSWER:** Defendant will produce documents pursuant to Rule 33(d) which are responsive to this interrogatory.

**INTERROGATORY NO. 16:** Identify the principal factual bases for Defendant's contention, in ¶ 9 of the Defenses and/or Affirmative Defenses section of Defendant's Answer to Plaintiff's Original Complaint, that "Plaintiff's claims for relief are barred, in whole or in part, by the after acquired evidence doctrine, as provided for under *McKennon v. Nashville Banner,* 513 U.S. 352 (1995)."

**ANSWER:** Defendant will produce documents pursuant to Rule 33(d) which are responsive to this interrogatory.

**INTERROGATORY NO. 17:** Identify the principal factual bases for Defendant's contention, in ¶ 12 of the Defenses and/or Affirmative Defenses section of Defendant's Answer to Plaintiff's Original Complaint, that "All employment decision regarding Plaintiff were based on standards, qualification and/or criteria that are job-related and consistent with business necessity.

**ANSWER:** Defendant will produce documents pursuant to Rule 33(d) which are responsive to this interrogatory.

**INTERROGATORY NO. 18:** Identify the principal factual bases for Defendant's contention, in ¶ 13 of the defenses and/or Affirmative Defenses section of Defendant's Answer to Plaintiff's Original Complaint, that "[t]o the extent Plaintiff was damaged at all, such damages were proximately caused in whole or in part by the conduct or fault of persons or entities other than Defendant."

**ANSWER:** Defendant will produce documents pursuant to Rule 33(d) which are responsive to this interrogatory.

**INTERROGATORY NO. 19:** Identify the principal factual bases for Defendant's contention, in ¶ 14 of the Defenses and/or Affirmative Defenses section of Defendant's Answer to Plaintiff's Original Complaint, that "Plaintiff is not entitled to recover any punitive damages, the existence of which damages Defendant specifically denies, because Plaintiff has not set forth and

cannot set forth facts sufficient to support a claim under any state or federal law for such damages, because Defendant adopted policies and practices in support of its non-discrimination and non-retaliation obligations under law, and in good faith attempted to comply with those obligations."

**ANSWER:**   Defendant will produce documents pursuant to Rule 33(d) which are responsive to this interrogatory.

**INTERROGATORY NO. 20:**   Identify the principal factual bases for Defendant's contention, in ¶17 of the Defenses and/or Affirmative Defenses section of Defendant's Answer to Plaintiff's Original Compliant, that "Plaintiff's claims are barred in whole or in part because Defendant took prompt, effective, remedial action to end all objectionable conduct when it because aware of such objectionable conduct, the awareness and existence of which conduct Defendant specifically denies.

**ANSWER:**   Defendant will produce documents pursuant to Rule 33(d) which are responsive to this interrogatory.

Respectfully submitted,

By: */s/ Michael J. DePonte*
    Michael J. DePonte
    State Bar No. 24001392
    Michael.DePonte@jacksonlewis.com
    JACKSON LEWIS P.C.
    500 N. Akard, Suite 2500
    Dallas, Texas  75201
    PH:  (214) 520.2400
    FX:  (214) 520.2008

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on October 22nd 2018, a true and correct copy of the foregoing was served via email on the following:

>Austin Kaplan, Esq.
>Melissa A. Jacobs, Esq.
>Kaplan Law Firm, PLLC
>2525 Wallingwood Dr., Building 14
>Austin, Texas  78746
>PH:  (512) 553-9390
>FX:  (512) 692-2788
>akaplan@kaplanlawatx.com
>mjacobs@kaplanlawatx.com

>>*/s/ Michael J. DePonte*
>>Michael J. DePonte