# Exhibit "2"

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STEPHANIE HERNANDEZ, § | |
|     *Plaintiff*, § | |
| § | Civil Action No. 1:18-CV-00319-RP |
| v. § | |
| § | |
| CLEARWATER TRANSPORTATION, LTD § | |
|     *Defendant*. § | |

# DEFENDANT'S OBJECTIONS AND RESPONSES TO
# PLAINTIFF'S REQUESTS FOR PRODUCTION

TO:   Plaintiff, Stephanie Hernandez, by and through her attorney of record, Austin Kaplan, Kaplan Law Firm, PLLC, 2525 Wallingwood Dr., Building 14, Austin, Texas 78746.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Clearwater Transportation, Ltd. ("Defendant") serves Plaintiff, Stephanie Hernandez ("Plaintiff"), with the following Responses to Plaintiff's First Requests for Production.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Plaintiff's personnel file with Defendant, as referenced in Defendant's Initial Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1) ("Defendant's Initial Disclosures").

**RESPONSE:** Defendant will produce the responsive documents at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 2:** Plaintiff's payroll records, as referenced in Defendant's Initial Disclosures.

**RESPONSE:** Defendant will produce the responsive documents at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 3:** Documents concerning Plaintiff's compensation and benefits with Defendant.

**RESPONSE:** Defendant will produce the responsive documents at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 4:** Agreements and acknowledgement forms signed by Plaintiff in connection with her employment, as referenced in Defendant's Initial Disclosures.

**RESPONSE:** Defendant will produce the responsive documents at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 5:** Training records and materials, as referenced in Defendant's Initial Disclosures.

**RESPONSE:** Defendant will produce the responsive documents at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 6:** Defendant's equal employment opportunity and other personnel policies, as referenced in Defendant's Initial Disclosures.

**RESPONSE:** Defendant will produce the responsive documents at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 7:** Documents and communications relating to Plaintiff's performance, as referenced in Defendant's Initial Disclosures.

**RESPONSE:** Defendant will produce the responsive documents at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 8:** Documents and communications relating to Plaintiff's termination, as referenced in Defendant's Initial Disclosures.

**RESPONSE:** Defendant will produce the responsive documents at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 9:** Documents and communications relating to Plaintiff's discrimination complaint, as referenced in Defendant's Initial Disclosures.

**RESPONSE:** Defendant will produce the responsive documents at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 10:** Documents relating to Plaintiff's charge of discrimination, as referenced in Defendant's Initial Disclosures.

**RESPONSE:** Defendant will produce the responsive documents at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 11:** Documents relating to Plaintiff's mitigation efforts as referenced in Defendant's Initial Disclosures.

**RESPONSE:** Defendant is not in possession of any responsive documents. Defendant refers Plaintiff to all documents that have been, or will be produced by Plaintiff in this matter.

**REQUEST FOR PRODUCTION NO. 12:** Documents relating to Plaintiff's emotional/mental state as referenced in Defendant's Initial Disclosures.

**RESPONSE:** Defendant is not in possession of any responsive documents. Defendant refers Plaintiff to all documents that have been, or will be produced in this matter, from Plaintiff and any third-party.

**REQUEST FOR PRODUCTION NO. 13:** Documents obtained from Plaintiff's medical providers, as referenced in Defendant's Initial Disclosures.

**RESPONSE:** Defendant is not in possession of any responsive documents. Defendant refers Plaintiff to all documents that have been, or will produced in this matter from any of Plaintiff's medical providers.

**REQUEST FOR PRODUCTION NO. 14:** Documents relating to Plaintiff's receipt of unemployment benefits, as referenced in Defendant's Initial Disclosures.

**RESPONSE:** Defendant is not in possession of any responsive documents. Defendant refers Plaintiff to all documents that have been, or will be produced in this matter, from Plaintiff and any third-party.

**REQUEST FOR PRODUCTION NO. 15:** The June 12, 2017 termination letter to Plaintiff and any drafts thereof.

**RESPONSE:** Defendant objects to the extent this request seeks documents which are protected by the attorney/client and work product privilege. Defendant will produce the June 12, 2017 letter at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 16:** Correspondence and documents concerning commissions for Plaintiff in her role as sales manager.

**RESPONSE:** Defendant objects as this request is overbroad. Defendant will produce Plaintiff's personnel file which contains documents concerning plaintiff's commission in her role as sales manager.

**REQUEST FOR PRODUCTION NO. 17:** Correspondence and documents concerning Plaintiff's work performance for Defendant.

**RESPONSE:** Defendant objects as this request is duplicative of a previous request. Defendant refers Plaintiff to Defendant's response to Request no. 7.

**REQUEST FOR PRODUCTION NO. 18:** Documents concerning Plaintiff's requests for accommodations, from May 23, 2017 through her termination.

**RESPONSE:** There are no responsive documents.

**REQUEST FOR PRODUCTION NO. 19:** Documents concerning the job duties, job responsibilities, and job expectations for the position held by Plaintiff at the time of her termination, from 2013 through the present.

**RESPONSE:** Defendant objects at this request is overbroad and outside the scope of permissible discovery. The job duties, job responsibilities and job expectations for the sales manager position from 2013 to the present is irrelevant. Defendant will produce the 2017 job description and responsibilities for the sales manager position.

**REQUEST FOR PRODUCTION NO. 20:** Emails and text messages to or from Shelby Sumerlin regarding Plaintiff from May 23, 2017 through the present.

**RESPONSE:** Defendant objects to the extent this request seeks documents which are protected by the attorney/client and work product privilege. Defendant is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. 21:** Emails and text messages to or from Crystal Maldonado regarding Plaintiff from May 23, 2017 through the present.

**RESPONSE:** Defendant objects to the extent this request seeks documents which are protected by the attorney/client and work product privilege. Defendant is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. 22:** Emails and text messages to or from Renee Mitchell regarding Plaintiff from May 23, 2017 through the present.

**RESPONSE:** Defendant objects to the extent this request seeks documents which are protected by the attorney/client and work product privilege. Defendant is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. 23:** Emails and text messages to or from Danny Owens regarding Plaintiff from May 23, 2017 through the present.

**RESPONSE:** Defendant objects to the extent this request seeks documents which are protected by the attorney/client and work product privilege. Defendant will produce text messages between Danny Owens and Plaintiff from May 23, 2017 to the present.

**REQUEST FOR PRODUCTION NO. 24:** Emails and text messages to or from Monty Merrill regarding Plaintiff from May 23, 2017 through the present.

**RESPONSE:** Defendant objects to the extent this request seeks documents which are protected by the attorney/client and work product privilege. Defendant is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. 25:** Emails between Defendant's employees and Plaintiff from May 23, 2017 through June 12, 2017.

**RESPONSE:** There are no responsive documents.

**REQUEST FOR PRODUCTION NO. 26:** Documents, if any, supporting Defendant's decision to eliminate its sales manager position in June 2017.

**RESPONSE:** Defendant will produce the responsive documents at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 27:** Any typed and/or handwritten notes made by any employee of Defendant concerning Plaintiff, from May 23, 2017 through the present.

**RESPONSE:** Defendant objects to the extent this request seeks documents which are protected by the attorney/client and work product privilege. Defendant will produce the non-privileged responsive documents at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 28:** Any typed and/or handwritten notes made by Shelby Sumerlin concerning Plaintiff, from May 23, 2017 through the present.

**RESPONSE:** Defendant objects to the extent this request seeks documents which are protected by the attorney/client and work product privilege. Defendant is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. 29:** Any typed and/or handwritten notes made by Crystal Maldonado concerning Plaintiff, from May 23, 2017 through the present.

**RESPONSE:** Defendant objects to the extent this request seeks documents which are protected by the attorney/client and work product privilege. Defendant is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. 30:** Any typed and/or handwritten notes made by Renee Mitchell concerning Plaintiff, from May 23, 2017 through the present.

**RESPONSE:** Defendant objects to the extent this request seeks documents which are protected by the attorney/client and work product privilege. Defendant is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. 31:** Any typed and/or handwritten notes made by Danny Owens concerning Plaintiff, from May 23, 2017 through the present.

**RESPONSE:** Defendant objects to the extent this request seeks documents which are protected by the attorney/client and work product privilege. Defendant will produce the non-privileged responsive documents at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 32:** Any typed and/or handwritten notes made by Monty Merrill concerning Plaintiff, from May 23, 2017 through the present.

**RESPONSE:** Defendant objects to the extent this request seeks documents which are protected by the attorney/client and work product privilege. Defendant is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. 33:** Documents and correspondence concerning Defendant's acceptance or denial of any medical leave requests, from 2015 through the present.

**RESPONSE:** Defendant objects to this request as it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request in that it is invasive of the privacy and HIPAA rights of individuals.

**REQUEST FOR PRODUCTION NO. 34:** Defendant's policies, if any, regarding employees' ability to adjust their work schedules, from 2015 through the present.

**RESPONSE:** There are no responsive documents.

**REQUEST FOR PRODUCTION NO. 35:** Defendant's policies, if any, regarding employees' ability to change positions within the Company, from 2015 through the present.

**RESPONSE:** There are no responsive documents.

**REQUEST FOR PRODUCTION NO. 36:** Defendant's policies, if any, regarding employees' ability to work from home, from 2015 through the present.

**RESPONSE:** There are no responsive documents.

**REQUEST FOR PRODUCTION NO. 37:** Defendant's policies on accommodating disabilities, from 2015 through the present.

**RESPONSE:** Defendant will produce the responsive documents at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 38:** Documents concerning pregnancy discrimination training, if any, provided by Defendant to its employees, from 2015 through the present.

**RESPONSE:** There are no responsive documents.

**REQUEST FOR PRODUCTION NO. 39:** Documents concerning disability discrimination training, if any, provided by Defendant to its employees, from 2015 through the present.

**RESPONSE:** There are no responsive documents.

**REQUEST FOR PRODUCTION NO. 40:** Documents concerning allegations or claims of pregnancy discrimination by any of Defendant's employees, from 2013 to the present.

**RESPONSE:** Defendant objects as this request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request in that it is invasive of the privacy and HIPAA rights of individuals.

**REQUEST FOR PRODUCTION NO. 41:** Documents concerning allegations or claims of disability discrimination by any of Defendant's employees, from 2013 to the present.

**RESPONSE:** Defendant objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 42:** Documents and correspondence concerning open job positions for Defendant's Austin office, from May 2017 through the present.

**RESPONSE:** Defendant objects as this request is overbroad and outside the scope of permissible discovery. From May 2017 to September 2017, there were no open job positions for any type of management position at Defendant's Austin office.

**REQUEST FOR PRODUCTION NO. 43:** Defendant's internal and external job postings, if any, from May 2017 through the present.

**RESPONSE:** Defendant objects as this request is overbroad and outside the scope of permissible discovery. From May 2017 to September 2017, there were no open job positions for any type of management position at Defendant's Austin office.

**REQUEST FOR PRODUCTION NO. 44:** Defendant's corporate organizational charts, from 2017 through the present.

**RESPONSE:** Defendant will produce the responsive documents at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 45:** Defendant's sales records for its Austin, Texas location, from 2016 through the present.

**RESPONSE:** Subject to an agreed protective order, Defendant will produce the responsive documents at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 46:** Agreements concerning the relationship between Defendant and ADP that applied to Defendant's Austin, Texas location, from 2017 through the present.

**RESPONSE:** Defendant will produce the responsive documents at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 47:** Documents reflecting the services provided by ADP to Defendant that applied to Defendant's Austin, Texas location, from 2017 through the present.

**RESPONSE:** Defendant will produce the responsive documents at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 48:** Documents reflecting any role of ADP with respect to the termination of Defendant's employees, in Defendant's Austin, Texas location, from 2017 through the present, including but not limited to Plaintiff.

**RESPONSE:** Defendant objects to the extent this request seeks information which is protected by the attorney/client and work product privilege.

**REQUEST FOR PRODUCTION NO. 49:** Documents reflecting the reassignment of any of Plaintiff's job duties to any other employee of Defendant.

**RESPONSE:** Defendant will produce the responsive documents at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 50:** Correspondence and documents sent to and from the Equal Employment Opportunity Commission concerning Plaintiff.

**RESPONSE:** Defendant will produce the responsive documents at a mutually agreeable place and time.

**REQUEST FOR PRODUCTION NO. 51:** Correspondence and documents sent to and from the Texas Workforce Commission concerning Plaintiff.

**RESPONSE:** There are no responsive documents.

**REQUEST FOR PRODUCTION NO. 52:** Written or recorded statements concerning the termination of Plaintiff's employment with Defendant.

**RESPONSE:** Defendant objects to the extent this request seeks documents which are protected by the attorney/client and work product privilege. Defendant will produce the non-privileged responsive documents at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 53:** All records that Defendant has obtained (whether by authorization or not) regarding Plaintiff.

**RESPONSE:** Defendant objects as this request is overbroad. As written, this request potentially encompasses every document relating to Plaintiff. Moreover, this request fails to describe with any particularity each item sought in violation of Rule 34(b)(1)(A). Defendant further objects to the extent this request seeks documents which are protected by the attorney/client and work product privilege.

Subject to and without waiving its objections, Defendant refers Plaintiff to all documents that have been, or will be produced in this matter, from Defendant and any third-party.

**REQUEST FOR PRODUCTION NO. 54:** The documents Defendant intends to rely on in support of the matters pleaded in Defendant's Defenses and/or Affirmative Defenses.

**RESPONSE:** Defendant objects as this request is overbroad. As written, this request fails to describe with any particularity each item sought in violation of Rule 34(b)(1)(A). Defendant

further objects to the extent this request seeks documents which are protected by the attorney/client and work product privilege.

Subject to and without waiving its objections, Defendant refers Plaintiff to all documents that have been, or will be produced in this matter.

                                            Respectfully submitted,

                                            By: */s/ Michael J. DePonte*
                                                  Michael J. DePonte
                                                  State Bar No. 24001392
                                                  Michael.DePonte@jacksonlewis.com
                                                  JACKSON LEWIS P.C.
                                                  500 N. Akard, Suite 2500
                                                  Dallas, Texas 75201
                                                  PH:  (214) 520.2400
                                                  FX:  (214) 520.2008

                                                  **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on October 22, 2018, a true and correct copy of the foregoing was served via email on the following:

>Austin Kaplan, Esq.
>Melissa A. Jacobs, Esq.
>Kaplan Law Firm, PLLC
>2525 Wallingwood Dr., Building 14
>Austin, Texas 78746
>PH: (512) 553-9390
>FX: (512) 692-2788
>akaplan@kaplanlawatx.com
>mjacobs@kaplanlawatx.com

>*/s/ Michael J. DePonte*
>Michael J. DePonte