# Exhibit "3"

# jackson|lewis
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

**Jackson Lewis P.C.**
**Ross Tower**
**500 N. Akard**
**Suite 2500**
**Dallas, Texas 75201**
**Tel 214 520-2400**
**Fax 214 520- 2008**
**www.jacksonlewis.com**

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MINNEAPOLIS, MN | PROVIDENCE, RI |
| ALBUQUERQUE, NM | HARTFORD, CT | MONMOUTH COUNTY, NJ | RALEIGH-DURHAM, NC |
| ATLANTA, GA | HONOLULU, HI * | MORRISTOWN, NJ | RAPID CITY, SD |
| AUSTIN, TX | HOUSTON, TX | NEW ORLEANS, LA | RICHMOND, VA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NEW YORK, NY | SACRAMENTO, CA |
| BIRMINGHAM, AL | JACKSONVILLE, FL | NORFOLK, VA | SAINT LOUIS, MO |
| BOSTON, MA | KANSAS CITY, KS | OMAHA, NE | SALT LAKE CITY, UT |
| CHICAGO, IL | LAS VEGAS, NV | ORANGE COUNTY, CA | SAN DIEGO, CA |
| CINCINNATI, OH | LONG ISLAND, NY | ORLANDO, FL | SAN FRANCISCO, CA |
| CLEVELAND, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SAN JUAN, PUERTO RICO |
| DALLAS, TX | MADISON, WI | PHOENIX, AZ | SEATTLE, WA |
| DAYTON, OH | MEMPHIS, TN | PITTSBURGH, PA | TAMPA, FL |
| DENVER, CO | MIAMI, FL | PORTLAND, OR | WASHINGTON DC REGION |
| DETROIT, MI | MILWAUKEE, WI\ | PORTSMOUTH, NH | WHITE PLAINS, NY |
| GRAND RAPIDS, MI | | | |

Michael J. DePonte, Esq.
Board Certified-Texas Board of Legal Specialization
Labor and Employment Law
Civil Trial Law

Direct Dial: 972.728.3307
Email: depontem@jacksonlewis.com

November 20, 2020

***Via Email***  --  *akaplan@kaplanlawatx.com*
Austin Kaplan
Kaplan Law Firm, PLLC
2525 Wallingwood Dr., Building 14
Austin, Texas 78746

Re:  *Stephanie Hernandez v. Clearwater Transportation, LTD*; In the U.S. District Court for the Western District of Texas, Austin Div.;
Civil Action No. 1:18-cv-000319-RP

Dear Austin:

This letter is in response to your correspondence dated November 12, 2020 in which you discuss alleged discovery deficiencies within Defendant's discovery responses and document production.

**Refusal to Provide Comparator Information**

- Interrogatories Nos. 5-9 request information pertaining to a time frame which is overbroad and unrelated to the claims in this case. Specifically, the interrogatories seek information from 2013 to the present despite Plaintiff alleging that any alleged discrimination and/or retaliation began in 2017. Defendant specifically noted in its interrogatory responses that Plaintiff was not even employed by Defendant in 2013. However, there is no mention of narrowing down the specific time frame in your correspondence.

- Requests for Production Nos. 40-41 seek documents concerning allegations of pregnancy discrimination and disability discrimination from 2013 to the present. Again, Plaintiff was not employed by Defendant in 2013 and the alleged events in this case began in 2017. Further, there is no mention of narrowing down the specific time frame in your correspondence.



Austin Kaplan
Kaplan Law Firm, PLLC
November 20, 2020
Page 2

**Improper Attorney/Client Privileged and Work Product Privilege Assertions**

- Request for Production No. 48: Defendant will supplement its response to this request.
- Request for Production No. 62: Defendant will supplement its response to this request.
- Request for Production No. 15: The responsive documents have been produced and Defendant will supplement its response to this request.

**Privilege Log**

- Defendant is not withholding any documents pursuant to privilege or work product.

**Sales Manager Job Duties 2013-present**

- Request for Production No. 19: As previously stated, this request again is seeking documents from 2013 to the present. The specific timeframe from 2013 to 2020 is overbroad and outside the scope of permissible discovery. After the sales manager position was eliminated, the position ceased to exist especially in light of Defendant filing for bankruptcy protection.

**Text Messages, Emails, and Notes**

- Request for Production No. 23: All responsive documents in Defendant's possession have been produced.
- Request for Production No. 32: Defendant will supplement as there are no responsive documents.

**Prior Complaints**

- Requests for Production Nos. 40 and 41 were previously discussed on the first page of this correspondence.

**Org Charts**

- Request for Production N0. 44: All responsive documents have previously been produced.

**EEOC Documents**

- Request for Production No. 50: Defendant will supplement its response to this request.

**Native Production**

- Request for Production No. 60: Defendant has previously produced the request document in



Austin Kaplan
Kaplan Law Firm, PLLC
November 20, 2020
Page 3

its native format.

### Bankruptcy Pleadings and Evidence

Defendant is not withholding any documents on the basis of any bankruptcy pleading and/or proceeding. As to the bankruptcy pleadings, these documents are readily available to Plaintiff as they may be obtained via the Court's ECF portal. As Plaintiff previously filed various pleadings in the bankruptcy proceeding, it appears that Plaintiff would have access to such documents.

### Sales Records Production

- Request for Production No. 59: See Bates Numbers **Clearwater/Hernandez 000187-000196**.

### How Defendant Handles Schedule Modification Requests

- Requests for Production Nos. 65 and 66: Defendant will supplement its response to this request.

### Document Retention

- Defendant has produced almost 200 pages of documents in response to Plaintiff's discovery requests. It's unclear as to how 200 pages of documents is "minimal documentation."

Please let me know if you would like to discuss further.

Sincerely,

JACKSON LEWIS P.C.

Michael J. DePonte

MJD/ANA