UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHANIE HERNANDEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:18-cv-319-RP |
| | § | |
| CLEARWATER TRANSPORTATION, | § | |
| LTD | § | |
| Defendant. | | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Defendant Clearwater Transportation LTD. ("Defendant") files its Response to Plaintiff Stephanie Hernandez's ("Plaintiff") Motion to Compel (the "Motion") (Dkt. No. 39) and states the following:

### A. Summary of the Response

1.      On the evening of the discovery deadline, as outline in the Second Amended Scheduling Order (Dkt. 38), Plaintiff filed her Motion despite failing to conduct a "meaningful and substantive conference" as is required under the Federal Rules of Civil Procedure and the local rules for the Western District of Texas. In addition, Plaintiff's Motion lacks any meaningful discussion as to the discovery requests at issue as well as facts and authority to support each discovery request. For these reasons, the Motion should be denied, and the Defendant requests its attorney's fees incurred in responding to the Motion due to the blatant failure by Plaintiff to confer prior to filing the Motion.

### B. Plaintiff's Motion is inadequate.

2.      While Plaintiff does attach the applicable discovery requests and discovery responses to its Motion, Plaintiff fails to "specifically and individually identify each discovery requests in dispute and specifically, as to each requests, identify the nature and basis of the dispute,

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**                    **PAGE 1**

including, for example, explaining…. how a response or answer is deficient or complete and ask the Court for specific relief as to each requests; and [Plaintiff] must include a concise discussion of the facts and authority that support to the motion as to each discovery request in dispute." *Samsung Elecs Am. Inc. v. Chung*, 325 F.R.D. 578, 594-95 (N.D. Tex. 2017) (internal quotations omitted). These are merely threshold requirements for a motion to compel. *Id.* at 594.

3.      In her Motion, Plaintiff requests that the Court compel Defendant to provide full responses to Interrogatories 5-9 as well as Request for Production 33, 40, 41. However, Plaintiff fails to include any substantial discussion as to the dispute in issue as well as the facts and authority to support each discovery request at issue. Plaintiff cites to authority to suggest she is entitled to comparator information but fails to identify the specific discovery request at issue. *See* Motion at Page 3. In addition, while Plaintiff cites to authority for Requests for Production 40-41, despite misrepresenting testimony made during a deposition, to support her claim that she is entitled to documents regarding allegations of discrimination or retaliation, she fails to suggest why she is entitled to documents from years prior to her working for Defendant. *Id.* at Page 4.

4.      As Plaintiff failed to adequately outline the dispute at issue as to each discovery request, Defendant is unable to fully respond to the Motion. For this reason, the Court should deny the Motion.

**C.  Plaintiff failed to properly confer prior to filing its Motion**

5.      Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court intervention." Fed. R. Civ. P. 37(a). Further, the Western District of Texas Local Rule 7*i.* states that a "court may refuse to hear or may deny the motion unless the movant advises the court

within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement…" In addition, Rule AT-4 of the Western District of Texas states that "[a] lawyer should refrain from filing motions to compel… unless all reasonable efforts to resolve the dispute with opposing counsel have been exhausted."

6.      The reason for such conference requirements is "to promote frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Dondi Properties Corp. v. Commerce Sav. & Loan Asso.*, 121 F.R.D. 284, 289 (N.D. Tex. 1988). When the moving party fails to confer, the motion to compel is generally denied. *Dimitric v. Tex. A &M Univ.,* 2007 WL 1090982, at *1, 2007 U.S. Dist. LEXIS 103260 (S.D. Tex. April 9, 2007) (holding that the Motion to Compel should be denied as the moving party did not confer, except through an email prior to filing the motion.)  If a motion to compel is denied, the court may require the movant to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(B); *Shaw Group Inc. v. Zurich Am. Ins. Co.*, 2014 WL 4373197, 2014 U.S. Dist. LEXIS 122514 at *15 (M.D. LA Sept. 3, 2014).

7.      Plaintiff acknowledges that the only attempt to "confer" was by way of two letters sent via email and fails to inform the Court that Defendant's corporate representative and Monty Merrill were deposed by Plaintiff on December 3, 2020. Throughout both depositions, the deponent was asked about Defendant's document production and there was absolutely no mention either during or after the depositions that Plaintiff intended on filing a motion to compel the very next day much less a request by Plaintiff's counsel to discuss the discovery requests identified in the Motion.

8.      Due to Counsel's complete disregard for the Federal Rules of Civil Procedure, the Local Rules as well the strong suggestion by the Western District of Texas to engage in a substantive conversation prior to filing any discovery motions, Defendant requests that the Court deny Plaintiff's Motion and order Plaintiff to pay its attorney's fees in responding to Plaintiff's Motion.

Respectfully submitted,

By: */s/ Michael J. DePonte*
    Michael J. DePonte
    State Bar No. 24001392
    depontem@jacksonlewis.com
    Alise N. Abel
    State Bar No. 24082596
    Alise.abel@jacksonlewis.com
    JACKSON LEWIS P.C.
    500 N. Akard, Suite 2500
    Dallas, Texas  75201
    PH:  (214) 520.2400
    FX:  (214) 520.2008

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 11, 2020, a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Austin Kaplan
Kaplan Law Firm, PLLC
akaplan@kaplanlawatx.com

*/s/ Michael J. DePonte*
Michael J. DePonte