UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHANIE HERNANDEZ, | § | |
| Plaintiff, | § | CIVIL ACTION NO. 1:18-CV-319-RP |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CLEARWATER TRANSPORTATION, | § | |
| LTD., | § | |
| Defendant. | § | |

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Stephanie Hernandez ("Plaintiff"), by and through her counsel, and as for her Motion for Partial Summary Judgment states as follows:

## I.   INTRODUCTION

Plaintiff Stephanie Hernandez had been employed by Defendant Clearwater Transportation, Ltd. ("Defendant") for approximately three years when she diagnosed with hyperemesis gravidarum. This condition caused Plaintiff to experience severe nausea, vomiting, dehydration, and weakness and resulted in two hospitalizations which forced her to temporarily miss work.  Plaintiff also dutifully notified Defendant's employees – including her direct supervisor – about her condition and hospitalizations.  Despite her diagnosis, Defendant's President admitted during his deposition that Plaintiff could still perform the essential functions of her position.  Because of these symptoms, Plaintiff was a qualified individual with a disability under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. as amended by the ADA Amendments Act of 2008 ("ADAAA").

Plaintiff brings claims of pregnancy discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e(k); the Texas Commission on Human Rights Act, Texas Labor Code § 21.001 *et seq*. ("TCHRA") and of discrimination, failure to accommodate, and retaliation under the ADAAA

and the TCHRA.  (ECF No. 14).

Plaintiff moves for partial summary judgment on the issues of whether Plaintiff is a qualified individual with a disability under the ADAAA and TCHRA and on most of Defendant's affirmative defenses.  (Ex. 1, Proposed Order).

## II.  <u>STATEMENT OF FACTS</u>

Defendant hired Plaintiff for a Rental Sales Agent (also referred to as counter representative or agent) role in 2014.  (Ex. 2, Pl. Dep. 10:9-18).  In January 2017, Defendant promoted Plaintiff into a Sales Manager (Operations) role. (*Id*. at 11:17-12:2).  Plaintiff's direct supervisor in that role was Danny Owens, and Plaintiff and Owens ultimately reported to Defendant's President Monty Merrill. (*Id*. at 12:10-18).

Plaintiff's job duties as Operations Manager involved doing daily reports, overseeing the hiring process, providing training to the counter agents, occasionally cleaning cars in the rental fleet, and other duties.  (*Id*. at 12:19-13:6).  As a counter agent, Plaintiff's job duties consisted of providing customer service to the car renters.  (*Id*. at 13:10-20).  Merrill confirmed that Plaintiff was a successful, respected employee who exhibited good job performance.  (Ex. 3, Merrill Dep. 10:14-11:6).

On May 23, 2017, Plaintiff was vomiting and went to the emergency room; she texted Owens to let him know about her symptoms and that she was on fluids.  (Ex. 2, Pl. Dep. 57:11-22; Ex. 4, Owens/Hernandez Text Messages,  CLEARWATER/HERNANDEZ  5).  Plaintiff  and  Owens exchanged text messages the next day about Plaintiff's ongoing treatment.  (Ex. 4, Owens/Hernandez Text Messages at CLEARWATER/HERNANDEZ 6).  Plaintiff returned to work on May 25.  (*Id*. at CLEARWATER/HERNANDEZ 7-8).

Plaintiff told Owens she had a follow-up doctor's appointment on May 30 to figure out why she was still "getting super sick."  (*Id*. at CLEARWATER/HERNANDEZ 10).  Plaintiff found out

she was pregnant with twins, and her doctor diagnosed her hyperemesis gravidarum which made the pregnancy high-risk.  (Ex. 5, Pl. Interrogatory Response No. 1).  The symptoms for hyperemesis gravidarum included severe nausea, vomiting, dehydration, and weakness – all which Plaintiff experienced.  (*Id* and Ex. 2, Pl. Dep. 80:19-81:1).  For example, Plaintiff texted Owens that she was vomiting and having sharp pains and how she had to pull over off the road because of her symptoms. (*Id*. at CLEARWATER/HERNANDEZ 3).

Plaintiff first told office administrator Shelby Sumerlin about her pregnancy even though she was scared to tell anyone at the company.  (Ex. 2, Pl. Dep. 58:16-21).  In early June, Plaintiff informed Rene Mitchell (who held a senior role with Defendant) and Human Resources Representative Crystal Maldonado about her pregnancy (which Defendant admitted in its Answer to Plaintiff's First Amended Complaint).  (ECF Nos. 14-15, ¶¶ 20-21; Ex. 2, Pl. Dep. 59:22-60:22, 61:20-62:3, 76:17-21; Ex. 3, Merrill Dep. 11:10-12).  Plaintiff also notified Owens about the pregnancy in early June after speaking with Sumerlin, Mitchell, and Maldonado. (Ex. 2, Pl. Dep. 60:23-61:8).  On May 31, Plaintiff also texted Owens about needing to see a specialist because one of the babies had a slow heartbeat.  (Ex. 4, Owens/Hernandez Text Messages, CLEARWATER/HERNANDEZ 12).

After speaking with Mitchell and Owens, Plaintiff was hospitalized for three days due to hyperemesis gravidarum and later texted Mitchell about her hospitalization.  (Ex. 2, Pl. Dep. 65:14-66:15).

On June 12, Defendant terminated Plaintiff's employment a few days after her second hospitalization.  (*Id*. at 66:18-24; Ex. 6, Termination Letter).  This letter claimed that Plaintiff was terminated because of a "significant downturn in business in the last 6 months."  *Id.*  According to Defendant's Interrogatory Responses, Owens and Merrill made the decision to terminate Plaintiff's employment.  (Ex. 7, Def. Interrogatory Resp. No. 4).

Shortly after terminating Plaintiff, Defendant replaced her with a non-disabled male employee who assumed some of her job duties.  (Ex. 3, Merrill Dep. 78:23-79:21; 82:3-10).

## III. LEGAL STANDARD

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 248.  The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003). In deciding whether a fact issue has been created, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

## IV. ARGUMENT

### A.  Plaintiff Was a Qualified Individual with a Disability.

Under the ADAAA, an individual is a "qualified individual" if they (a) have a disability, but (b) can perform the essential functions of their position anyway with or without accommodation.  There is no material factual dispute that Hernandez meets both elements.

Plaintiff's hyperemesis gravidarum qualifies as a disability.  Plaintiff can prove she has a disability by demonstrating one of the following: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual [or] (B) a record of such an impairment."  42 U.S.C. § 12102(1).  "[A]n impairment is a disability" when it "substantially

limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii).  Furthermore, "a major life activity also includes the operation of a major bodily function, including but not limited to, functions of . . . digestive, bowel, neurological, [and] brain . . . functions." 42 U.S.C. § 12102(2)(B).

The term '[s]ubstantially limits' "shall be construed broadly in favor of expensive coverage", "is not meant to be a demanding standard", and whether an impairment substantially limits a major life activity "should not demand extensive analysis."  29 C.F.R. § 1630.2(j)(1)(i) and (iii).[1] [2]

### 1.  Plaintiff had an Actual Disability.

The symptoms experienced by Plaintiff demonstrate that she was disabled.  Plaintiff's deposition testimony and sworn Interrogatory Response detailed how hyperemesis gravidarum affected major life activities such as thinking, concentrating, caring for herself, and working.  (Ex. 2, Pl. Dep 57:11-22, 59:22-60:22, 61:20-62:10, 64:3-65:9, 65:14-66:15, 76:17-21, 78:6-13, 79:11-81:1; Ex. 5, Pl. Interrogatory Response No. 1).  Plaintiff's gastrointestinal system substantially malfunctioned due to hyperemesis gravidarum which resulted in Plaintiff being hospitalized twice during her employment.  (Ex. 2, Pl. Dep. 57:11-22;65:14-66:15; Ex. 4, Owens/Hernandez Text Messages, CLEARWATER/HERNANDEZ 5).

Additionally, written communications between Owens (one of the people involved in the decision to terminate) and Plaintiff further detail how she had to miss work for her two

---

[1] Examples of "major life activities" include but are not limited to: caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, working, sitting, reaching, and interacting with others.  42 U.S.C. § 12102(2)(A); 29 C.F.R. § 1630.2(i).

[2] The Fifth Circuit has not decided whether hyperemesis gravidarum on its own is a disability under the ADAAA, but a district court in the Eastern District of New York found it sufficient to satisfy the ADA's statutory definition of disability. *See Bateman v. Project Hosp., Inc.,* No. 07-CV-2085 RRM/RML, 2009 WL 3232856, at *10 (E.D.N.Y. Sept. 30, 2009).

hospitalizations and experienced intense vomiting spells.   (Ex. 4, Owens/Hernandez Text Messages).

Because Defendant cannot dispute that Plaintiff's hyperemesis gravidarum affected one or more major life activities, there is no fact issue on this prong.

### 2.   Plaintiff Also Had a Record of Disability.

Even if actual disability was disputed, record of disability is not; Plaintiff told multiple employees about her high-risk pregnancy and the severe symptoms she experienced because of it and Defendant therefore had a record of it.   Defendant *admits* in its Answer Plaintiff told Sumerlin and Mitchell. (ECF Nos. 14-15, ¶¶ 20-21; Ex. 2, Pl. Dep. 59:22-60:22, 61:20-62:3, 76:17-21).  Plaintiff's text messages with Owens and her deposition testimony further demonstrate Owens – her direct supervisor – knew and had a record of Plaintiff's disability. (Ex. 4, Owens/Hernandez Text Messages, Ex. 2, Pl. Dep. 60:23-61:8).  There is no fact issue on this prong either.

### 3.   Plaintiff Performed the Essential Functions of Her Position.

Despite her disability, Plaintiff could undisputedly perform the essential functions of her position.  Essential functions are the "fundamental" duties of a job and not the "marginal functions of the position." 29 C.F.R. §1630.2(n)(1).

Merrill admits Plaintiff "was qualified to perform the essential functions of the sales manager position" as of the date of her termination.  (Ex. 3, Merrill Dep. 40:20-25).  Further, Defendant's termination letter makes no reference to Plaintiff being unable to perform the essential functions of her position.  (Ex. 6, Termination Letter).  In fact, the letter says Defendant would consider re-hiring Plaintiff in the future.  (*Id*).  Therefore, there is no disputed issue of material fact that Plaintiff could perform the essential functions of her position at the time of her termination.

**B.  Summary Judgement Is Appropriate for Most Affirmative Defenses.**

The following is a chart of Defendant's affirmative defenses (ECF No. 15) where summary judgment should be granted in Plaintiff's favor and a more detailed discussion of Affirmative Defense No. 5:

| Affirmative Defense Alleged | Reason for Dismissal |
|---|---|
| No. 1: Failure to state a claim upon which relief can be granted | Plaintiff stated claims under the ADAAA and TCHRA for failure to accommodate, retaliation for seeking accommodations, and wrongful termination based on disability.  Plaintiff pleaded and has developed significant proof underlying each of these allegations, and Defendant did not file a motion pursuant to FED. R. CIV. P. 12(b)(6).  Therefore, summary judgment should be granted on this affirmative defense. |
| No. 2: Waiver, laches, consent, and estoppel | Summary judgment is appropriate on this defense because none of these equitable defenses are relevant defenses to the statutory employment law claims (Title VII/PDA, ADAAA, TCHRA) in this case.  Plaintiff specifically requested Defendant's supporting information in an interrogatory, and Defendant produced none. (Ex. 7, Def. Interrogatory Response No. 13).  At his deposition, Merrill could not provide any supporting information about the affirmative defenses at issue in this Interrogatory. (Ex. 3, Merrill Dep. 45:3-48:15).  Summary judgment is therefore appropriate on this affirmative defense.  *See Teague v. Omni Hotels Mngmt. Corp.*, No. A-19-CV-00940-JRN, ECF No. 57, p. 13 (W.D. TX Nov. 24, 2020) (granting Plaintiff's motion for partial summary judgment on equitable affirmative defenses of waiver and estoppel). |
| No. 3: Unclean Hands | See no. 2, above. |
| No. 5: Failure to Mitigate | See below for argument on why summary judgment is appropriate for this affirmative defense. |
| No. 6: No Causal Connection Between Protected Activity and Adverse Action | This is an element of Plaintiff's claims, not an affirmative defense.  Therefore, summary judgment should be granted on this affirmative defense. |
| No. 7: Defendant not responsible for damages | This appears to be a contributory negligence defense which is not applicable to the employment claims at issue.  Therefore, summary judgment should be granted on this affirmative defense. |

| | |
|---|---|
| due to Plaintiff's own acts, conduct, negligence, and/or failure to exercise reasonable care. | |
| No. 8: Claims barred by statute of limitations of failure to exhaust administrative remedies | Defendant has discovered and provided no evidence to support this affirmative defense, and summary judgment should be granted.  Plaintiff specifically requested Defendant's supporting information in an interrogatory, and Defendant has produced none. (Ex. 7, Def. Interrogatory Response No. 15).  At his deposition, Merrill could also not provide any supporting information about the affirmative defenses at issue in this Interrogatory. (Ex. 3, Merrill Dep. 45:3-48:15). |
| No. 9: Claims barred due to the after-acquired evidence rule | Defendant has discovered and provided no evidence to support this affirmative defense, and summary judgment should be granted.  Plaintiff specifically requested Defendant's supporting information in an interrogatory, and Defendant has produced none. (Ex. 7, Def. Interrogatory Response No. 16).  At his deposition, Merrill could also not provide any supporting information about the affirmative defenses at issue in this Interrogatory. (Ex. 3, Merrill Dep. 45:3-48:15). |
| No. 11: Plaintiff's damages should be offset by any amounts Plaintiff received by other applicable parties or sources. | See No. 5 above |
| No. 13: Damages caused by persons other than Defendant | Defendant has discovered and provided no evidence to support this affirmative defense, and summary judgment should be granted.  Plaintiff specifically requested Defendant's supporting information in an interrogatory, and Defendant has produced none. (Ex. 7, Def. Interrogatory Response No. 18).  At his deposition, Merrill could also not provide any supporting information about the affirmative defenses at issue in this Interrogatory. (Ex. 3, Merrill Dep. 45:3-48:15). |
| No. 17: Defendant took prompt | This appears to be the *Farragher/Ellerth* defense, which applies to harassment claims but does not apply to the claims in this case.  Also, Defendant has discovered and provided no evidence to support this affirmative defense. |

| | |
|---|---|
| remedial action | Plaintiff specifically requested this information in an interrogatory, and Defendant has produced none. (Ex. 7, Def. Interrogatory Response No. 20). At his deposition, Merrill could also not provide any supporting information about the affirmative defenses at issue in this Interrogatory. (Ex. 3, Merrill Dep. 45:3-48:15). Therefore, summary judgment should be granted on this affirmative defense. |
| No. 21: Defendant reserves the right to assert any other defenses available upon the completion of discovery. | Discovery is closed. Defendant should not be entitled to raise new defenses after the close of discovery. Therefore, to the extent this is an affirmative defense, summary judgment is appropriate on it. |

### 1. Summary Judgment is Appropriate for Defendant's Failure to Mitigate Affirmative Defense.

Defendant's Affirmative Defense No. 5 fails because it is Defendant's burden to plead and prove Plaintiff's failure to mitigate, and it cannot do so. *Sparks v. Griffin*, 460 F.2d 433, 443 (5th Cir. 1972) (*citing Hegler v. Bd. of Educ.*, 447 F.2d 1078, 1081 (8th Cir. 1971) (The defendant "has to show not only that the [plaintiff] failed to use reasonable care and diligence, but that there were jobs available which [plaintiff] could have discovered and for which she was qualified.")

To establish this defense, Defendant must show that Plaintiff failed to use "'reasonable diligence' to obtain 'substantially equivalent' employment." *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 936 (5th Cir. 1996), cert. denied, 117 S.Ct. 767 (1997) (*citing Ford Motor Co. v. EEOC*, 458 U.S. 219, 232 (1982)). Defendant must prove there existed "[s]ubstantially equivalent employment," defined as "'employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the [plaintiff was] discriminatorily terminated.'" *Id.* (*quoting Sellers v. Delgado College*, 902 F.2d 1189, 1193 (5th Cir.), *cert. denied*, 498 U.S. 987 (1990)). Defendant must also

prove that there were substantially equivalent jobs available to Plaintiff to which she did not apply. *Sparks*, 460 F.2d at 443 ("[T]he [defendant] do not claim that at trial it was proved that there were teaching jobs available for which [the plaintiff] would have qualified had he applied.  It merely asserts that [the plaintiff] did not expend sufficient effort to find other teaching employment. [This] position is without legal justification."); *Mallek v. City of San Benito*, 121 F.3d 993, 997 (5th Cir. 1997) (discussing the burden of defendant to show employment offer was substantially equivalent to the plaintiff's initial contract with the City).

First, this affirmative defense fails as a matter of law because Defendant cannot provide any evidence that Plaintiff rejected any employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which Plaintiff was terminated.  Plaintiff requested information supporting this affirmative defense in an interrogatory, but Defendant provided no support.  (Ex. 7, Def. Interrogatory Resp. No. 14).

Second, the affirmative defense fails because Defendant cannot show that there were substantially equivalent jobs available to Plaintiff to which she did not apply.  At his deposition, Merrill could not identify any support for this affirmative defense. (Ex. 3, Merrill Dep. 46:7-13).

Third, the affirmative defense fails because Defendant cannot show Plaintiff failed to use reasonable diligence in her job search.  Courts have found that an employer fails to meet its burden of proving the lack of reasonable effort when the plaintiff testified that she contacted several employment websites (such as indeed.com), registered with a local job line, sent out resumés, interviewed with employers, and registered with temporary staffing services.  *Miles-Hickman v. David Powers Homes, Inc*., 613 F. Supp. 2d 872, 887-89 (S.D. Tex. 2009); *see also Dibler v. Metwest, Inc.*, No. 3:95-CV-1046, 1997 WL 222910, at *2 (N.D. Tex. April 29, 1997) (plaintiff

used reasonable diligence in her job search where she called colleagues, attended a seminar, sent

resumés, networked, and answered want ads).

Here, Plaintiff engaged in a diligent job search, posted her resume on Indeed, applied for

jobs, and went on interviews. (Ex. 2 Plaintiff Dep. 23-29:23). Plaintiff also started a home daycare

business for employment. (*Id*). Defendant has no evidence to the contrary. Because Defendant

cannot meet its evidentiary burden for this defense, summary judgment should be granted.

### V.  CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for

Partial Summary Judgment and grant any additional relief that is necessary or proper.

Respectfully Submitted,

**KAPLAN LAW FIRM, PLLC**
406 Sterzing Street
Austin, Texas 78704
Telephone: (512) 553-9390
Telecopier: (512) 692-2788
www.kaplanlawatx.com

By:   */s/ Austin Kaplan*

**Austin Kaplan**
State Bar No. 24072176
akaplan@kaplanlawatx.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of January 2021, I served a true and correct copy of the above and foregoing to all counsel of record as follows:

***Via CM/ECF:***
Michael J. DePonte
depontem@jacksonlewis.com
Alise Abel
abela@jacksonlewis.com
JACKSON LEWIS
500 N. Akard, Suite 2500
Dallas, Texas
PH: (214) 520.2400

Austin Kaplan