## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHANIE HERNANDEZ. | § | |
| | § | |
| VS. | § | NO. 1:18-cv-319 RP |
| | § | |
| CLEARWATER TRANSPORTATION, | § | |
| LTD. | § | |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion to Compel (Dkt. No. 39); Defendant's Response (Dkt. No. 40); and Plaintiff's Reply. The District Court referred the motion to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

### I.  Background

Plaintiff Stephanie Hernandez alleges that Defendant Clearwater Transportation improperly terminated her shortly after learning she was pregnant and high-risk with twins, and only four days after she was hospitalized with pregnancy-related complications. Hernandez also asserts she requested accommodations for her pregnancy—including working from home, adjusted work schedules, switching from salary to hourly work, and acceptance of a demotion/transfer to the counter position she occupied a few months earlier — all of which Clearwater refused. Hernandez maintains that despite Clearwater's claim that it made its decision because of financial hardship, within days of firing Hernandez it promoted her non-pregnant male coworker, transferred her duties to him, and gave him a raise. Hernandez brings claims under Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k); the Texas Commission on Human Rights Act, Texas Labor Code § 21.001 *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* as amended by the ADA Amendments Act of 2008.

## II.  Motion to Compel

### A.    Legal Standard

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has to answer an interrogatory submitted under Federal Rule of Civil Procedure 33 or produce documents requested under Rule 34. FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv).  The party resisting discovery must show how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).  For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4). Rule 26(b)(1) additionally provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

### B.    Analysis

Hernandez asserts that Clearwater has failed to adequately respond to Interrogatories 5-9, and Requests for Production 33, 40-41.[1]  Hernandez's requests and Clearwater's responses are as follows:

---

[1]She also complains that, despite agreeing to supplement its responses to RFPs 48, 50, 62, 65, and 66, Clearwater has failed to do so.

**INTERROGATORY NO. 5**: Identify any employees in Defendant's Austin office who have been permitted to work from home, including their last known contact information. This interrogatory is limited to the time period of 2013 to the present.

**ANSWER**: Defendant objects to this request as it is overbroad and outside the scope of permissible discovery. Plaintiff was also not working for Defendant in 2013.

**INTERROGATORY NO. 6**: Identify any employees in Defendant's Austin office who have been allowed to adjust their work schedule, as well as the last known contact information for those individuals, if any. This interrogatory is limited to the time period of 2013 to the present.

**ANSWER**: Defendant objects to this request as it is overbroad and outside the scope of permissible discovery. Plaintiff was also not working for Defendant in 2013.

**INTERROGATORY NO. 7**: Identify any employees in Defendant's Austin office who have switched from a salaried to an hourly position, as well as the last known contact information for those individuals, if any. This interrogatory is limited to the time period of 2013 to the present.

**ANSWER**: Defendant objects to this request as it is overbroad and outside the scope of permissible discovery. Plaintiff was also not working for Defendant in 2013.

**INTERROGATORY NO. 8**: Identify any employees in Defendant's Austin office who have requested and/or accepted a demotion, as well as the last known contact information for those individuals, if any. This interrogatory is limited to the time period of 2013 to the present.

**ANSWER**: Defendant objects to this request as it is overbroad and outside the scope of permissible discovery. Plaintiff was also not working for Defendant in 2013.

**INTERROGATORY NO. 9**: Identify any employees of Defendant who worked for Defendant during their pregnancies, and whether they were granted any accommodations due to their pregnancy, childbirth, or related medical condition. This interrogatory is limited to the time period of 2013 to the present, and only to any pregnancy that Defendant was aware of.

**ANSWER**: Defendant objects to this request as it is overbroad and outside the scope of permissible discovery. Defendant further objects as this request seeks information which is invasive of the privacy and HIPAA rights of individuals.

3

**REQUEST FOR PRODUCTION NO. 33:** Documents and correspondence concerning Defendant's acceptance or denial of any medical leave requests, from 2015 through the present.

**RESPONSE:** Defendant objects to this request as it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request in that it is invasive of the privacy and HIPAA rights of individuals.

**REQUEST FOR PRODUCTION NO. 40**: Documents concerning allegations or claims of pregnancy discrimination by any of Defendant's employees, from 2013 to the present.

**RESPONSE:** Defendant objects as this request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request in that it is invasive of the privacy and HIPAA rights of individuals.

**REQUEST FOR PRODUCTION NO. 41**: Documents concerning allegations or claims of disability discrimination by any of Defendant's employees, from 2013 to the present.

**RESPONSE**: Defendant objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

Hernandez asserts that Clearwater's objections that her requests are temporally overbroad or covered by HIPPA are meritless. She argues the requests are relevant and any HIPPA objections can be addressed by a protective order. Additionally, she points out that Clearwater did not respond to the unobjected-to portion of the discovery requests as required by Rules 33(b)(3) and 34(b)(2)(C). Hernandez requests that the Court compel Clearwater to produce documents in response to the requests listed above, as well as supplement its responses as promised in correspondence dated November 20, 2020. Dkt. No. 39-3. Clearwater responds that Hernandez filed her motion before conducting a "meaningful and substantive conference" as required by Rule 37(a) and Local Rule CV-7(i), and therefore it should be denied. Additionally, Clearwater submits that Hernandez's motion lacks any meaningful discussion of the requests at issue along with the facts and authority to support

each request, and it should be denied on this basis. Last, it submits it is entitled to attorneys' fees for Hernandez's failure to confer.

## D.    Analysis

The Court first addresses the alleged failure to confer. In this case, Hernandez points out that her counsel sent a letter on November 12, 2020, discussing the relevant outstanding discovery and the disputed issues. Clearwater's counsel responded on November 20, 2020, and maintained objections to many of the requests at issue. Dkt. No. 39-3. Hernandez then replied to this, and pointed out where the response was insufficient in her view, and stated "please produce the additional documents and information by December 1, 2020, or we will be moving to compel these documents." Dkt. No. 41-1. This date was reasonable in light of the fact that the discovery deadline in the case was December 4, 2020. This is more than adequate to meet the conference requirement of the Local Rules, and Clearwater's claim to the contrary—and request for attorneys fees due to it—is disingenuous. As Hernandez points out in her Reply, in its responsive letter, Clearwater

> failed to commit to a day to produce the agreed upon documents before the December 3 deposition date, did not produce those documents as of the close of the discovery on December 4, when Plaintiff filed this Motion[, a]nd as of the date of filing this reply on December 16, still has not provided the additional documents it agreed to produce in Exhibit 3.

Dkt. No. 41 at 3. Clearwater's failure to confer argument is meritless.

Substantively, Clearwater objects to the requested discovery on two narrow grounds. First, it asserts that the requests regarding comparators are "overbroad" as they cover a time period prior to Hernandez's employment with Clearwater. The incidents that are the subject of this suit occurred in 2017. The requested discovery requests documents and information from either "2013 to the present" or "2015 to the present." A time period less than five years prior to Hernandez's alleged

discrimination is relevant to her claims and not overbroad. *See Hook v. Sullins and Assocs. L.P., d/b/a McDonald's*, 2009 WL 5142145 (N.D. Tex. 2009); *see also Wilson v. Martin County Hosp. Dist.*, 149 F.R.D. 553, 555 (W.D. Tex. 1993).  Hernandez is entitled to discovery of possible comparators during the period during, predating, and after her employment with Clearwater.  The scope of discovery includes information pertaining to similarly situated employees to the extent that it is proportional to the needs of this case. FED. R. CIV. P. 26(b)(1). Courts have allowed discovery of other claims of discrimination against an employer where limited to the same form of discrimination and within a reasonable period of time before and after the discrimination occurred. *Minnis v. Bd. of Sup'rs of Louisiana State Univ. Agric. & Mech. Coll.,* 2013 WL 6271940, at *8 (M.D. La. Dec. 4, 2013), objections overruled, 2014 WL 12811456 (M.D. La. Aug. 15, 2014). The relevant time frame is case specific, but courts have generally limited discovery of other employee's claims of discrimination to 3 to 5 years. *Rahman v. ExxonMobil Corp.,* 2020 WL 354320, at *5 (M.D. La. Jan. 21, 2020).  Here, a discovery period of four years prior to the incident is reasonable.

Second, Clearwater objects to Hernandez's discovery requests covering other pregnant employees or the treatment of employees claiming disabilities and disability discrimination as violating HIPPA. It does not challenge the relevancy of the information, and the information is clearly relevant to Hernandez's pregnancy discrimination and other claims.  Further, any privacy or confidentiality concerns can be addressed by the entry of a protective order and designation of the records as confidential.  Clearwater must produce this information to Hernandez.

As for the discovery that Clearwater has asserted it will supplement, but has yet to do so, the Court finds that these discovery responses are also properly compelled.

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Compel (Dkt. No. 39) and **ORDERS** Clearwater to respond to Interrogatories 5-9, and RFP's 33; 40-41; 48, 50, 62, 65, and 66 as set out above **no later than February 5, 2021.**

SIGNED this 15th day of January, 2020.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE