# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHANIE HERNANDEZ, | § | |
| Plaintiff, | § | CIVIL ACTION NO. 1:18-CV-319-RP |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CLEARWATER TRANSPORTATION, | § | |
| LTD., | § | |
| Defendant. | § | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

Pursuant to Western District of Texas Local Rule CV-16(e)(7), Plaintiff offers the following proposed jury instructions and verdict forms:

## JURY INSTRUCTIONS

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.[1]

## Burden of Proof: Preponderance of the Evidence

Plaintiff Hernandez has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Hernandez has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.[2]

## Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

---

[1] Adapted from 5th Circuit Pattern Jury Instructions 3.1 (2020).
[2] Adapted from 5th Circuit Pattern Jury Instructions 3.2 (2020).

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[3]

### Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves. Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of

---

[3] Adapted from 5th Circuit Pattern Jury Instructions 3.3 (2020).

a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.[4]

## I.      Pregnancy Discrimination in Violation of Title VII of the Civil Rights Act and the TCHRA[5]

Plaintiff Hernandez claims that Defendant Clearwater's decision to terminate her employment just three days after she was hospitalized with a severe pregnancy-related condition and informed Clearwater's President about her high-risk pregnancy was motivated by Hernandez's pregnancy. Plaintiff claims that she was replaced by a male coworker to whom Defendants gave a raise after the replacement.

Defendant Clearwater denies her allegations and contends that Hernandez was laid off as part of a cost-saving measure necessitated by the company's financial condition. Clearwater further contends that their eventual bankruptcy two years later supports their claim of financial exigency.

It is unlawful for an employer to discriminate against an employee because of the employee's pregnancy. An employer may, however, terminate an employee for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Plaintiff Hernandez must prove by a preponderance of the evidence that:

1.   Defendant Clearwater terminated Plaintiff Hernandez's employment; and

2.   Defendant's termination of Plaintiff was motivated by her pregnancy.

---

[4] Adapted from 5th Circuit Pattern Jury Instructions 3.4 (2020).
[5] Adapted from 5th Circuit Pattern Jury Instructions 11.1 (2020); 42 U.S.C. § 2000e-2(m); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94 (2003).

Plaintiff Hernandez does not have to prove that unlawful discrimination was the only reason Defendant Clearwater terminated her employment.

If you find that the reason Defendant Clearwater has given for terminating Plaintiff Hernandez is unworthy of belief, you may, but are not required to, infer that Defendant Clearwater was motivated by Plaintiff's pregnancy.[6]

If you find that Plaintiff Hernandez's disability was a motivating factor in the Defendant Clearwater's decision to terminate her, even though other considerations were factors in the decision, then you must determine whether Defendant Clearwater proved by a preponderance of the evidence that it would have made the same decision even if it had not considered Plaintiff Hernandez's disability.[7]

## II.    Disability Discrimination in Violation of the ADA/TCHRA

Plaintiff Hernandez claims that Defendant Clearwater discriminated against her because she had a disability by terminating her employment. Defendant Clearwater denies Plaintiff's claims and contends she was terminated because of business downturn.

It is unlawful for an employer to discriminate against an employee because of the employee's disability. Unlawful discrimination can include termination of the employee.

To succeed on this claim, Plaintiff Hernandez must prove each of the following by a preponderance of the evidence:

1. Plaintiff Hernandez had one or more physical or mental impairments, namely hyperemesis gravidarum;

---

[6] See *Ratliff v. City of Gainesville*, 256 F.3d 355, 361 (5th Cir. 2001).
[7] Adapted from 5th Cir. Pattern Jury Instructions 11.13.

2. The impairment substantially limited her ability to perform a major life activity or a major bodily function;

3. Defendant Clearwater knew Plaintiff Hernandez had an impairment;

4. Defendant Clearwater terminated Plaintiff Hernandez;

5. At the time of her termination, Plaintiff Hernandez was a qualified individual who could have performed the essential functions of her job; and

6. Defendant Clearwater terminated Plaintiff Hernandez because of her disability. Plaintiff does not have to prove that her disability was the only reason Defendant terminated her.

The Court has already found that Plaintiff Hernandez had a physical or mental impairment (hyperemesis gravidarum), that the impairment substantially limited her ability to perform a major life activity or a major bodily function, and that at the time of her termination Plaintiff Hernandez was a qualified individual who could have performed the essential functions of her job, or elements 1, 2, and 5 above.[8] Therefore, you only must decide whether Plaintiff has proved elements 3, 4, and 6 above. If Plaintiff Hernandez has failed to prove any of those elements, then your verdict the claim of discrimination because of disability must be for Defendant Clearwater on this claim.

To prove that Plaintiff's disability was the reason for her termination, Plaintiff need not show that her disability was the sole cause of her termination; it need only be a motivating factor. She must show that the disability played a role in Defendant's decision and had a determinative influence on the outcome.

---

[8] Dkt. 53 at pp. 6-9.

If you find that the reason Defendant Clearwater has given for terminating Plaintiff Hernandez is unworthy of belief, you may, but are not required to, infer that Defendant Clearwater was motivated by Plaintiff's disability.[9]

To prove that her disability was the reason for the termination, Plaintiff Hernandez must prove that the individuals at Defendant Clearwater who made the decision to terminate her employment knew of her disability when Clearwater terminated her employment.  You may consider evidence about information learned from communications with Plaintiff Hernandez.  In addition, an employer is presumed to know information in its files or records about its employees.  But an employer is not presumed to know information in records that are not in its files.  Nor is an employer required to draw conclusions that an individual has a mental or psychological disorder if it is not obvious to an ordinary person.

If you find that Plaintiff Hernandez's disability was a motivating factor in the Defendant Clearwater's decision to terminate her, even though other considerations were factors in the decision, then you must determine whether Defendant Clearwater proved by a preponderance of the evidence that it would have made the same decision even if it had not considered Plaintiff Hernandez's disability.

### III.    Failure to Accommodate in Violation of the ADA/TCHRA[10]

Plaintiff Hernandez claims that Defendant Clearwater failed to reasonably accommodate her disability.

Defendant Clearwater denies Hernandez's claims.

---

[9] See *Ratliff v. City of Gainesville*, 256 F.3d 355, 361 (5th Cir. 2001).
[10] Adapted from *Cruz v. R2Sonic, LLC*, 1:18-cv-00397-RP (W.D. Tex., Oct. 24, 2019).

The law requires an employer to make reasonable accommodations for an employee's disability.

To succeed in this case, Plaintiff Hernandez must prove each of the following by a preponderance of the evidence:

1. Plaintiff Hernandez had a physical or mental impairment;

2. Plaintiff Hernandez's physical or mental impairment substantially limited her ability to perform major life activities;

3. Defendant Clearwater knew of Hernandez's physical or mental impairment;

4. Plaintiff Hernandez requested an accommodation;

5. Plaintiff Hernandez could have performed the essential functions of her role when Clearwater terminated Hernandez's employment if Hernandez had been provided with reasonable accommodations;

6. Providing accommodation would have been reasonable; and

7. Clearwater failed to provide a reasonable accommodation.

The Court has already found that Plaintiff Hernandez had a physical or mental impairment (hyperemesis gravidarum), that the impairment substantially limited her ability to perform a major life activity, and that at the time of her termination Plaintiff Hernandez was a qualified individual who could have performed the essential functions of her job with or without reasonable accommodations, or elements 1, 2, and 5 above.[11] Therefore, you only must decide whether Plaintiff has proved elements 3, 4, 6, and 7 above. If Plaintiff Hernandez has failed to prove any

---

[11] Dkt. 53 at pp. 6-9.

of those elements, then your verdict the claim of discrimination because of disability must be for Defendant Clearwater on this claim.

The term "accommodation" means making modifications to the work place that allow a person with a disability to perform the essential functions of the job, to attain the level of performance available to similarly situated employees who are not disabled, or to enjoy equal benefits and privileges of employment as are enjoyed by similarly situated employees who are not disabled.

A "reasonable" accommodation is one that could reasonably be made under the circumstances. It may include, but is not limited to: (a) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; or (b) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials, or policies, the provision of qualified readers or interpreters and other similar accommodations for individuals with disabilities. There may be other reasonable accommodations.

Although part-time work and job restructuring may be reasonable accommodations, an employer is not required to offer these accommodations in every case. An employer is not required to restructure a job if that would reallocate the job's essential functions. An employer is not obligated to hire additional employees or reassign existing workers to assist an employee with a disability. The law does not require an accommodation that would cause other employees to work harder, work longer hours, or lose opportunities.

Additionally, an employer is not obligated to provide an employee the accommodation he or she requests or prefers. The employer need only provide some reasonable accommodation.

Before an employer must make an accommodation for an individual's physical or mental condition, the employer must know that such a condition exists.  It is generally the individual's responsibility to request a reasonable accommodation.  Once an individual has made such a request, the law requires that the parties engage in an "interactive process" to determine what precise accommodations are necessary.  The employer and the individual must work together in good faith to help each other determine what accommodation is necessary.  Although the law provides that it "may be necessary" to engage in the interactive process to determine what accommodation is reasonable (or may not, for example, if the accommodation is agreed and obvious), failing to engage in the interactive process is not actionable.  Failing to engage in the interactive process, however, could lead to failing to accommodate the individual's disability, which does violate the law.

An employer need not provide an accommodation to the known limitations of a qualified employee or applicant if the employer proves that the accommodation would impose an undue hardship on its business operations.  The employer has the burden of proving by a preponderance of the evidence that the accommodation would have imposed an undue hardship. An "undue hardship" is an action requiring the employer to incur significant difficulty or expense.  Factors to be considered in determining whether the accommodation requested would cause an undue hardship include: (a) the nature and cost of the accommodation; and (b) the type of operation of the employer, including the composition, structure, and functions of the workforce, the impact of the requested accommodation on Clearwater's operations, including the impact on the ability of other employees to perform their duties.

## IV.     ADA/TCHRA Retaliation[12]

Plaintiff Hernandez claims that Defendant Clearwater retaliated against her because she took steps to enforce her lawful rights under federal and state law prohibiting discrimination based on disability in the workplace.

The law that prohibits discrimination in the workplace also prohibits an employer from retaliating against an employee because that employee has asserted rights or made complaints under that law.

Plaintiff Hernandez claims that Clearwater terminated her because she requested leave and accommodations for her high-risk pregnancy and pregnancy-related condition, hyperemesis gravidarum.

Clearwater denies Plaintiff Hernandez's claim.

To succeed on her retaliation claim, Hernandez's must prove each of the following facts by a preponderance of the evidence:

1.  Plaintiff Hernandez's engaged in protected activity by requesting leave and accommodations for her hyperemesis gravidarum;

2.  Clearwater terminated Hernandez; and

3.  Clearwater terminated Hernandez on account of her requesting accommodations for her hyperemesis gravidarum.

Plaintiff Hernandez claims that she engaged in protected activity by requesting accommodations for her pregnancy-related condition, hyperemesis gravidarum, such as working from home or switching to hourly or part-time work.

---

[12] Adapted from *Cruz v. R2Sonic, LLC*, 1:18-cv-00397-RP (W.D. Tex., Oct. 24, 2019).

You need not find that the only reason for Clearwater's decision was Hernandez's request for leave and accommodations.  But you must find that Clearwater's decision to terminate Hernandez would not have occurred in the absence of—or but for—her request for accommodations.

If Plaintiff Hernandez has failed to prove any of these elements, then your verdict on this claim must be for Clearwater.

### Actual Damages[13]

If you find that Defendant Clearwater has violated the law, then you must determine whether it has caused Plaintiff Hernandez damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Hernandez has proved liability.

Plaintiff Hernandez must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Hernandez need not prove the amount of her losses with mathematical precision, but only with as much certainty and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Hernandez would have earned in her employment with Defendant Clearwater if she had not been terminated from June 12, 2017 to present, minus the amount of earnings and benefits that Plaintiff Hernandez received from employment during that time; (2) the amount of other damages sustained by Plaintiff Hernandez, such as pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

---

[13] Adapted from 5th Circuit Pattern Jury Instructions 11.14 (2020).

Back pay includes the amounts the evidence shows Plaintiff Hernandez would have earned had she remained an employee of Defendant Clearwater. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant Clearwater proves by a preponderance of the evidence Plaintiff Hernandez received during the period in question.

Front pay includes the amounts the evidence shows Plaintiff Hernandez would have earned had she remained an employee of Defendant Clearwater from the date of your verdict to some reasonable point in the future. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant Clearwater proves by a preponderance of the evidence Plaintiff Hernandez will receive during the period in question.[14]

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Hernandez for the harm she has sustained. Do not include as actual damages interest on wages or benefits.

### Compensatory Damages[15]

If you find that Defendant Clearwater is liable to Plaintiff Hernandez, then you must determine an amount that is fair compensation for all of Plaintiff Hernandez's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff Hernandez whole—that is, to compensate Plaintiff Hernandez for the damage that [he/she/it] has suffered. Compensatory damages are not limited to expenses that Plaintiff Hernandez may have incurred because of her injury. If Plaintiff Hernandez wins, she is entitled to compensatory

---

[14] While front pay is an equitable remedy to be determined by the Court at the conclusion of the jury trial, an advisory jury may be used. *Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 526 (5th Cir. 2001).
[15] Adapted from 5th Circuit Pattern Jury Instructions 15.2 (2020).

damages for the physical injury, pain and suffering, and mental anguish that she has suffered because of Defendant Clearwater's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff Hernandez proves were proximately caused by Defendant Clearwater's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff Hernandez's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff Hernandez has actually suffered or that Plaintiff Hernandez is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff Hernandez prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

### **Punitive Damages**[16]

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff Hernandez proves by a preponderance of the evidence that Defendant Clearwater acted with malice or reckless indifference to Plaintiff Hernandez's federally protected right to be free from discrimination.

---

[16] Adapted from 5th Circuit Pattern Jury Instructions 11.14 (2020).

If Plaintiff Hernandez has proved these facts, then you may award punitive damages unless Defendant Clearwater proves by a preponderance of the evidence that the conduct was contrary to its good-faith efforts to prevent discrimination in the workplace.

An action is in "reckless indifference" to Plaintiff Hernandez's federal protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff is not required to show egregious out outrageous discrimination to recover punitive damages. Proof that Defendant Clearwater engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Defendant Clearwater made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted antidiscrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff Hernandez's complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that Defendant Clearwater acted with malice or reckless indifference to Plaintiff Hernandez's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Plaintiff is entitled to receive, you may, but are not required to, award Plaintiff Hernandez an additional amount as punitive damages for the purposes of punishing the Defendant Clearwater for engaging in such wrongful conduct and deterring Defendant Clearwater and others from engaging in such conduct in the future. You should presume that Plaintiff Hernandez has been made whole for her injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

1. How reprehensible Defendant Clearwater's conduct was. You may consider whether the harm Plaintiff Hernandez suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendant's Clearwater's conduct that harmed Plaintiff Hernandez also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff Hernandez.

2. How much harm Defendant Clearwater's wrongful conduct caused Plaintiff Hernandez and could cause her in the future;

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendant Clearwater's financial condition, to punish Defendant Clearwater for its conduct toward Plaintiff Hernandez and to deter Defendant Clearwater and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused Plaintiff Hernandez.

## JURY QUESTIONS

## Question No. 1
Was Plaintiff Hernandez's pregnancy a motivating factor in Defendant Clearwater's decisions to terminate her employment?[17]

     Answer "Yes" or "No."

_____

## Question No. 2
Has Defendant Clearwater proved that it would have made the same decision to terminate Plaintiff Hernandez even if it had not considered her pregnancy?[18]

     Answer "Yes" or "No."

_____

## Question No. 3
Was Plaintiff's disability a motivating factor in Defendant Clearwater's decision to terminate her employment?[19]

     Answer "Yes" or "No."

_____

## Question No. 4
Has Defendant Clearwater proved that it would have made the same decision to terminate Plaintiff Hernandez even if it had not considered her disability?[20]

     Answer "Yes" or "No."

_____

## Question No. 5
Did Defendant Clearwater fail or refuse to reasonably accommodate Plaintiff Hernandez's disability?[21]

     Answer "Yes" or "No."

_____

---

[17] Adapted from 5th Circuit Pattern Jury Charge 11.1 (2020).
[18] Adapted from 5th Circuit Pattern Jury Charge 11.13 (2020).
[19] Adapted from 5th Circuit Pattern Jury Charge 11.13 (2020).
[20] Adapted from 5th Circuit Pattern Jury Charge 11.13 (2020).
[21] Adapted from 5th Circuit Pattern Jury Charge 11.10 (2020).

**Question No. 6**

Has Plaintiff Hernandez proved that she would not have been terminated but for her request for accommodations?[22]

        Answer "Yes" or "No."

        _____

**Question No. 7**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Hernandez for the damages, if any, you have found Defendant Clearwater caused Plaintiff Hernandez?

Answer in dollars and cents for the following items and none other:

1.   Wages and benefits Plaintiff Hernandez would have earned in her employment with Defendant Clearwater if she had not been terminated from June 12, 2017 to today, minus the amount of wages and benefits Plaintiff Hernandez received from employment during that time.

        $_____

2.   Wages and benefits Plaintiff Hernandez would have earned in her employment with Defendant Clearwater if she had not been terminated, from today to the future, minus the amount of wages and benefits Plaintiff Hernandez will receive from employment during that time.

        $_____

3.   Other damages sustained by Plaintiff Hernandez which include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in the past and future.

        $_____

**Question No. 8**

Do you find that Plaintiff Hernandez should be awarded punitive damages?[23]

---

[22] Adapted from 5th Circuit Pattern Jury Charge 11.11 (2020).
[23] Adapted from Fifth Circuit Pattern Jury Instructions 11.14 (2020).

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 8, then answer Question No. 9.

**Question No. 9**
What sum of money should be assessed against Defendant Clearwater as punitive damages?[24]
Answer in dollars and cents:

$_____

## DUTY TO DELIBERATE; NOTES[25]

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong.  But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts.  You have been allowed to take notes during this trial.  Any notes that you took during this trial are only aids to memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors.  Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes.  You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

_____

[24] *Id*.
[25] Adapted from Fifth Circuit Civil Pattern Jury Instructions 3.7 (2020).

Your verdict must be unanimous.  After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it.  After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer.  After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom.  Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.


SIGNED this ___ day of _____, 2022.


_____
ROBERT PITMAN
U.S. DISTRICT JUDGE

Respectfully Submitted,

*/s/ Austin Kaplan*
Austin Kaplan

State Bar No. 24072176
akaplan@kaplanlawatx.com
Matthew "Maff" Caponi
State Bar No. 24109154
mcaponi@kaplanlawatx.com
Ryan Estes
State Bar No. 24120586
restes@kaplanlawatx.com
KAPLAN LAW FIRM, PLLC
406 Sterzing St.
Austin, Texas 78704
PH: 512.553.9390
FX: 512.692.2788

**COUNSEL FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on this 25th day of February 2022, I sent a true and correct copy of the above and foregoing to all counsel of record as follows:

***Via CM/ECF***
Michael J. DePonte
State Bar No. 24001392
Michael.DePonte@jacksonlewis.com
Alise N. Abel
State Bar No. 24082596
Alise.Abel@jacksonlewis.com
JACKSON LEWIS
500 N. Akard, Suite 2500
Dallas, Texas
PH: (214) 520.2400

**COUNSEL FOR DEFENDANT**

Maff Caponi