# EXHIBIT 9

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHANIE HERNANDEZ, <br> Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. 1:18-CV-319-RP |
| | § | |
| CLEARWATER TRANSPORTATION, LTD. | § § § | |
| Defendant. | § § | |

**<u>PLAINTIFF'S MOTIONS IN LIMINE</u>**

Pursuant to Western District of Texas Local Rule CV-16(e)(9), Plaintiff moves in limine, prior to the voir dire examination and out of the presence and hearing of the jury panel, that this Court order all parties, attorneys, and witnesses not to mention, refer, or in any manner whatsoever inform the jury of, directly or indirectly, during voir dire, trial, or at any time in the presence of the jury or the jury panel, any of the matters in the paragraphs set forth below, unless and until such matters have been first called to the Court's attention, out of the presence and/or hearing of the jury or jury panel, and a favorable ruling is received as to the admissibility and relevance of such matters.

That further, counsel for the Defendant be specifically instructed to inform and counsel with all witnesses called by the Defendant and in the control of the Defendant, not to volunteer, inject, disclose, state or mention to the jury any of the below enumerated matters, unless specifically questioned thereon after prior ruling by the Court.

1. Any testimony or argument that Plaintiff is not a qualified individual with a disability under the American with Disabilities Act. Plaintiff was granted summary judgment on this issue. Dkt. 53 at 6-9.

GRANTED_____          DENIED_____

2. Any testimony or argument regarding when Plaintiff allegedly hired her attorneys to assist with this case, which is irrelevant to whether Clearwater discriminated against her or not and highly prejudicial to Plaintiff. *See* Fed. R. Evid. 401—403.

GRANTED_____          DENIED_____

3. Any testimony or argument in support of Defendant's affirmative defenses numbered 1, 2, 3, 8, 9, 13, 17, and 21, since this Court granted summary judgment in favor of Plaintiff on these affirmative defenses and/or noted that defense number 1 was now moot. Dkt 53 at 9-11.

GRANTED_____          DENIED_____

4. Any testimony or argument regarding Plaintiff allegedly confronting a coworker on or around December 4, 2014, allegedly resulting in a verbal spat, and any discipline and counseling Hernandez received relating to this alleged incident. Defendant testified that the termination decision was "strictly financial" and there were no other reasons (like disciplinary history or performance); therefore any discussion of this incident would be not relevant, and its probative value is substantially outweighed by the danger of unfair prejudice and confusing the jury. 30b6 Dep. at 32:7-12.

GRANTED_____          DENIED_____

Wherefore, premises considered, Plaintiff respectfully prays that this motion be granted and an appropriate order of this Court entered pursuant hereon.

                                                                     Respectfully Submitted,

                                                                         */s/ Matthew Caponi*
                                                                        Matthew Caponi

Austin Kaplan
State Bar No. 24072176
akaplan@kaplanlawatx.com
Matthew "Maff" Caponi
State Bar No. 24109154
mcaponi@kaplanlawatx.com
Ryan Estes
State Bar No. 24120586
restes@kaplanlawatx.com
KAPLAN LAW FIRM, PLLC
406 Sterzing St.
Austin, Texas 78704
PH: 512.553.9390
FX: 512.692.2788

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 25th day of February 2022, I sent a true and correct copy of the above and foregoing to all counsel of record as follows:

*Via CM/ECF*
Michael J. DePonte
State Bar No. 24001392
Michael.DePonte@jacksonlewis.com
Alise N. Abel
State Bar No. 24082596
Alise.Abel@jacksonlewis.com
JACKSON LEWIS
500 N. Akard, Suite 2500
Dallas, Texas
PH: (214) 520.2400

**COUNSEL FOR DEFENDANT**

_____
Maff Caponi